# EXHIBIT "A"

{N1667901.1 }

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------X
ROY DARGAN,

                           Plaintiff,

    -against-

ALABAMA MOTOR EXPRESS, INC., and MICHAEL
SHANNON FLOYD,

                        Defendants.
--------------------------------------------------------------X

Filed:_____

INDEX NO.

Plaintiffs designate Queens
County as the place of trial.

**SUMMONS**

The basis of venue is
Place of Occurrence

To the above-named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

    In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, New York
          February 8, 2021

                            *Edward A. Steinberg/pm*
                            EDWARD A. STEINBERG, ESQ.
                            **LEAV & STEINBERG, L.L.P.**
                            Attorneys for Plaintiffs
                            75 Broad Street, Suite 1601
                            New York, New York 10004
                            (212) 766-5222
                            Our File No.: 209519

TO:

ALABAMA MOTOR EXPRESS, INC.         MICHAEL SHANNON FLOYD
10720 EAST US HWY 84                     45 LAUREL WAY
ASHFORD, AL 36312                        COVINGTON, GA 30016

**PLEASE FORWARD TO YOUR INSURANCE CARRIER**

Please be advised that pursuant to the Vehicle & Traffic Law of the State of New York, Sections 253/254, a copy of the enclosed Process was Served on the Secretary of State of the State of New York on FEB 1 8 2021. Tendered at that time was the Statutory Fee of Ten($10.00) dollars.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS
-------------------------------------------------------------X
ROY DARGAN,

                        Plaintiff/Petitioner,

     - against -                                Index No. 703807/2021

ALABAMA MOTOR EXPRESS, INC., and
MICHAEL SHANNON FLOYD,

                      Defendant/Respondent.
-------------------------------------------------------------X

**NOTICE OF ELECTRONIC FILING**
**(Consensual Case)**
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  If you choose to participate in e-filing, you **must** have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the Internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: February 18, 2021

Edward A. Steinberg, Esq.
_____
Name

Leav & Steinberg, LLP.
_____
Firm Name

75 Broad Street – Suite 1601
_____

New York, NY 10004
_____
Address

(212) 766-5222
_____
Phone

_____
E-Mail

To: All Defendants Listed Above.

2/24/20

Index #          Page 2 of 2          EF-3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
ROY DARGAN,                                                                  INDEX NO.

                      Plaintiff,                       **VERIFIED COMPLAINT**

      -against-

ALABAMA MOTOR EXPRESS, INC., and MICHAEL
SHANNON FLOYD,
                  Defendants.
-----------------------------------------------------------------X

      Plaintiffs, by their attorneys, LEAV & STEINBERG, L.L.P., as and for their Verified Complaint, respectfully allege, upon information and belief:

      1. The plaintiff, **ROY DARGAN**, at all times herein mentioned was and still is a resident of the State of New York.

      2. The defendant, **ALABAMA MOTOR EXPRESS, INC.**, at all times herein mentioned, was and still is a foreign business corporation organized and existing pursuant to the laws of the State of Alabama, that is licensed to do business in the State of New York, with its principal place of business located at 10720 East U.S. Highway 84, in the town of Ashford, County of Houston, State of Alabama.

      3. The defendant, **ALABAMA MOTOR EXPRESS, INC.**, at all times herein mentioned was and still is a limited liability corporation doing business in the County of Houston, in the State of Alabama.

      3. The defendant, **ALABAMA MOTOR EXPRESS, INC.**, at all times herein mentioned was and still is a sole proprietorship doing business in the State of New York.

      4. At all times herein mentioned, defendant **ALABAMA MOTOR EXPRESS, INC.**, transacted business within the State of New York.

      5. At all times herein mentioned, defendant **ALABAMA MOTOR EXPRESS, INC.**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

6. At all times herein mentioned, defendant **ALABAMA MOTOR EXPRESS, INC.**, expected or should reasonably have expected its acts to have consequences in the State of New York.

7. At all times herein mentioned, defendant **ALABAMA MOTOR EXPRESS, INC.**, derived substantial revenue from interstate or international commerce.

8. The defendant, **SHANNON FLOYD** at all times herein mentioned, was and still is a resident of the County of Newton, State of Georgia.

9. On or about October 29, 2020, **ALABAMA MOTOR EXPRESS, INC.**, owned a certain automobile, bearing Georgia license plate number C135CT.

10. On or about October 29, 2020, **ALABAMA MOTOR EXPRESS, INC.**, was one of the owners of a certain automobile, bearing Georgia license plate number C135CT.

11. On or about October 29, 2020, **ALABAMA MOTOR EXPRESS, INC.**, was the lessee of a certain automobile, bearing Georgia license plate number C135CT.

12. On or about October 29, 2020, **ALABAMA MOTOR EXPRESS, INC.**, was the lessor of a certain automobile, bearing Georgia license plate number C135CT.

13. On or about October 29, 2020 defendant **ALABAMA MOTOR EXPRESS, INC.**, was the registered owner of a certain automobile, bearing Georgia license plate number C135CT.

14. On or about October 29, 2020 defendant **ALABAMA MOTOR EXPRESS, INC.**, was the titled owner of a certain automobile, bearing Georgia license plate number C135CT.

15. On or about October 29, 2020, defendant **ALABAMA MOTOR EXPRESS, INC.**, was the lessee of a certain automobile, bearing Georgia license plate number C135CT.

16. On or about October 29, 2020, defendant **ALABAMA MOTOR EXPRESS, INC.**, was the lessor of a certain automobile, bearing Georgia license plate number C135CT.

17. On or about October 29, 2020, defendant **ALABAMA MOTOR EXPRESS, INC.**, maintained a certain automobile, bearing Georgia license plate number C135CT.

18. On or about October 29, 2020, defendant **ALABAMA MOTOR EXPRESS, INC.**, controlled a certain automobile, bearing Georgia license plate number C135CT.

19. On or about October 29, 2020 the automobile bearing Georgia license plate number C135CT was being operated by defendant **MICHAEL SHANNON FLOYD** with the express permission, knowledge and consent of defendant, **ALABAMA MOTOR EXPRESS, INC.**

20. On or about October 29, 2020, defendant **MICHAEL SHANNON FLOYD** was the owner of a certain automobile bearing Georgia license plate number C135CT.

21. On or about October 29, 2020, defendant **MICHAEL SHANNON FLOYD** was one of the owners of a certain automobile bearing Georgia license plate number C135CT.

22. On or about October 29, 2020 defendant **MICHAEL SHANNON FLOYD** was the registered owner of a certain automobile bearing Georgia license plate number C135CT.

23. On or about October 29, 2020 defendant **MICHAEL SHANNON FLOYD** was one of the registered owners of a certain automobile bearing Georgia license plate number C135CT.

24. On or about October 29, 2020, defendant **MICHAEL SHANNON FLOYD** was the titled owner of a certain automobile bearing Georgia State license plate number C135CT.

25. On or about October 29, 2020, defendant **MICHAEL SHANNON FLOYD** was one of the titled owners of a certain automobile bearing Georgia license plate number C135CT.

26. On or about October 29, 2020, defendant **MICHAEL SHANNON FLOYD** was the lessee of a certain automobile bearing Georgia license plate number C135CT.

27. On or about October 29, 2020, defendant **MICHAEL SHANNON FLOYD** was the lessor of a certain automobile bearing Georgia State license plate number C135CT.

28. On or about October 29, 2020, defendant **MICHAEL SHANNON FLOYD** maintained a certain automobile bearing Georgia license plate number C135CT.

29. On or about October 29, 2020 defendant **MICHAEL SHANNON FLOYD** controlled a certain automobile bearing Georgia license plate number C135CT.

30. On or about October 29, 2020, defendant **MICHAEL SHANNON FLOYD** was the operator of a certain automobile, bearing Georgia license plate number C135CT.

31. On or about October 29, 2020, the vehicle operated by the defendant **MICHAEL SHANNON FLOYD** came in contact with the vehicle operated by the plaintiff **ROY DARGAN** on I-295 Throgs Neck Bridge northbound (Queens Side) of the roadway.

32. The aforesaid occurrence and resulting injuries to **ROY DARGAN** was caused solely by the negligence, carelessness and recklessness of the defendants in the ownership, leasing, operation, maintenance, management, control, supervision, repair and inspection of the aforesaid motor vehicle.

33. That the aforesaid occurrence and resultant injuries to plaintiff **ROY DARGAN** were caused solely and wholly through and by reason of the carelessness, recklessness and negligence of defendants, their agents, servants and/or employees, in the ownership, operation, inspection, management, supervision, maintenance, repair and control of their motor vehicle; in failing to look, in failing to see, in failing to be observant of the surrounding circumstances; in failing to be observant of the surrounding circumstances; in causing, in creating a dangerous condition, in failing to keep the motor vehicle under careful, lawful and proper control; in operating the motor vehicle at a dangerous, excessive and unlawful rate of speed under the circumstances; in failing to warn plaintiff of this occurrence; in failing to avoid coming in contact with plaintiff's motor vehicle; in failing to yield the right of way; in failing to apply the brakes in a proper and timely fashion; in failing to observe the traffic signs, signals and regulations at and governing the aforesaid location; in failing to heed and obey the traffic rules and regulations at and governing the operation of motor vehicles; in failing to give any signal or warning prior to impact; in failing to use proper and good judgment in the operation of their motor vehicle; in failing to use all due care and caution in the operation, management and control of their motor vehicle; in proceeding in violation of and in disregard of the safety of others; in violating the applicable laws, rules,

statutes, ordinances and regulations in such cases made and provided and the applicable sections of the Vehicle and Traffic Law; and defendants were otherwise careless, reckless and negligent and failed to exercise reasonable care and prudence, all without any fault or lack of care on the part of plaintiff contributing thereto.

34. Solely as a result of the defendants' negligence, carelessness and recklessness the plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, the plaintiff was subjected to great physical pain and mental anguish.

35. The aforesaid occurrence was caused by the negligence of the defendants, without any culpable conduct on the part of the plaintiff.

36. The injuries and damages sustained by plaintiff **ROY DARGAN**, and further, the accident that occurred on October 29, 2020 in the manner set forth in their complaint were caused in whole or in part by reason of the negligence and culpable conduct of defendants.

37. By reason of the foregoing, plaintiff **ROY DARGAN** sustained injuries to his limbs, body and nervous system and has been rendered sick, sore, lame and disabled and upon information and belief, some or all of these injuries are permanent; he has been unable to pursue his duties and recreational activities for some time; he has been confined to bed and home for some time; he has been compelled to submit himself to the hospital and medical care and attention and to incur various sums of money in an endeavor to cure or alleviate said injuries and he has been compelled to suffer and continues to suffer physical pain, mental anguish and emotional distress and will sustain a loss of enjoyment, pleasures and pursuits of life.

38. That plaintiff **ROY DARGAN** sustained a serious injury as defined in subsection (d) of Section 5102 of the Insurance Law of the State of New York and/or has sustained economic loss in excess of basic economic loss as defined in subsection (a) of Section 5102 of the Insurance Law of the State of New York.

39. That this action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

40. That the amount of damages sought herein exceeds the jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF ROY DARGAN

41. Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in the First Cause of Action with the same force and effect as though more fully set forth at length herein.

42. The defendants, **ALABAMA MOTOR EXPRESS, INC.**, negligently failed to inspect and review Defendant **MICHAEL SHANNON FLOYD** driving record prior to hiring him.

43. The defendant, **ALABAMA MOTOR EXPRESS, INC.**, negligently failed to conduct an intermittent review of defendant, **MICHAEL SHANNON FLOYD**.

44. That defendant, **ALABAMA MOTOR EXPRESS, INC.**, negligently failed to obtain references from defendant, **MICHAEL SHANNON FLOYD** previous employers regarding his driving record.

45. That defendant **ALABAMA MOTOR EXPRESS, INC.**, negligently failed to properly train defendant, **MICHAEL SHANNON FLOYD** regarding the operation and control of the subject motor vehicle, entrusted to him.

46. That as a result of the foregoing, Plaintiff ROY DARGAN, has been damaged by defendants, **ALABAMA MOTOR EXPRESS, INC. and MICHAEL SHANON FLOYD** in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment awarding damages in an amount exceeding

the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the interest, costs and disbursements in the first and second causes of action and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
      February 8, 2021

                    *Edward A. Steinberg/pm*
                    By: Edward A. Steinberg
                    **LEAV & STEINBERG, L.L.P.**
                    Attorneys for Plaintiff
                    75 Broad Street, Suite 1601
                    New York, New York 10004
                    (212) 766-5222
                    File No.: 209519

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
ROY DARGAN,                                        INDEX NO.:

                      Plaintiff,             **INDIVIDUAL**
                                             **VERIFICATION**
   -against-

ALABAMA MOTOR EXPRESS, INC. and MICHAEL
SHANNON FLOYD,
                      Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK   )
                            ) ss.:
COUNTY OF NEW YORK )

       ROY DARGAN, being duly sworn, deposes and says:

       That I am the plaintiff in the within action.

       I have read the foregoing **COMPLAINT** and know the contents thereof and the same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

                            x _/s/ Roy Dargan_____
                              ROY DARGAN

Sworn to before me this
18th day of February, 2021

_____
**NOTARY PUBLIC**

Index No:   Year: 2021
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ROY DARGAN,

Plaintiff,

-against-

ALABAMA MOTOR EXPRESS, INC., and MICHAEL SHANNON FLOYD,

Defendants.

**SUMMONS & VERIFIED COMPLAINT**

**Leav & Steinberg, LLP**
*Attorney for Plaintiff*
Office & Post Address, Telephone
75 Broad Street – Suite 3601
New York, NY 10004
Telephone No.: (212) 766-5222

To:

Service of copy of the within   is hereby admitted.
Dated,
     Attorneys for Plaintiff

Please take notice

NOTICE OF ENTRY
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on   2021

NOTICE OF SETTLEMENT
that an order   of which the within is a true copy will be presented for settlement
to the HON.   one of the judges
of the within named court, at
on   20   at   M.
Dated,
     Yours, etc.
     **LEAV & STEINBERG, LLP**
     Attorneys for Plaintiff
     Office and Post Office Address
     75 Broad Street – Suite 1601
     New York, New York 10004